# IN THE SUPREME COURT OF IOWA

No. 11–1272

Filed March 21, 2014

**STATE OF IOWA,**

Appellee,

vs.

**TOMMY GINES, JR.,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

The defendant seeks further review of a court of appeals decision affirming his convictions and sentences. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED, SENTENCES VACATED, AND CASE REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and James P. Ward, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

The defendant in this case argues his trial counsel was ineffective in permitting him to enter a guilty plea to three counts of intimidation with a dangerous weapon with intent in violation of Iowa Code section 708.6 (2011) and that the court erred in imposing three consecutive sentences. We transferred this case to the court of appeals. It affirmed the defendant's convictions. On further review, we find trial counsel was ineffective for allowing the defendant to plead guilty to three separate charges of intimidation with a dangerous weapon with intent when no factual basis existed to establish his shooting of his gun in the air was three separate and distinct acts. Thus, we do not need to reach the defendant's claim that the court erred in imposing three consecutive sentences. Therefore, we vacate the decision of the court of appeals, reverse the judgment of the district court on the three separate charges of intimidation with a dangerous weapon with intent, vacate the sentences, and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

On May 6, 2011, Tommy Gines, Jr. was in the parking lot of the Courtside Bar in Polk County. Gines fired multiple gunshots in the air in the presence of other people.

The State originally charged Gines by information with one count of intimidation with a dangerous weapon with intent in violation of Iowa Code section 708.6 and one count of a felon in possession of a firearm in violation of section 724.26. The State later amended the information to include five counts of intimidation with a dangerous weapon with intent, and one count of a felon in possession of a firearm. The amended

information also contained a habitual-offender sentencing enhancement applying to each count under section 902.8.

On July 7, Gines pled guilty under a plea agreement to three counts of intimidation with a dangerous weapon with intent and one count of a felon in possession of a firearm. The guilty plea record regarding the factual basis for the three separate counts of intimidation with a dangerous weapon with intent was as follows:

> THE COURT: Now, these are the facts that the State would have to prove if you had a trial in order for a jury to find you guilty of intimidation with a dangerous weapon:
>
> That on or about May 26, 2011, here in Polk County you shot a dangerous weapon, which could be a firearm, into or within an assembly of people nearby, a group of people, and you placed those people in reasonable apprehension of serious injury by shooting a firearm near them and that your act at the time was done with the intent to injure or provoke fear or anger in the others that were nearby when you fired the firearm.
>
> Those are the facts that the State would have to prove if you had a trial in order for a jury to find you guilty of intimidation with a dangerous weapon.
>
> Do you understand what the State would have to prove if you had a trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions about what the State would have to prove if you had a trial?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you have any questions about anything that I've explained so far?
>
> THE DEFENDANT: No.
>
> . . . .
>
> THE COURT: And just to repeat, you've understood everything I've explained so far?

THE DEFENDANT: Yes, I have.

THE COURT: Understanding everything I've explained so far, as to Count I, intimidation with a dangerous weapon, a C felony, how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: And as to Count II, intimidation with a dangerous weapon, how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: In Count III, intimidation with a dangerous weapon, guilty or not guilty?

THE DEFENDANT: Guilty.

. . . .

THE COURT: Tell me what you did that makes you guilty of intimidation with a dangerous weapon.

THE DEFENDANT: I fired some shots at a bar, local bar, outside. People were around.

THE COURT: And were these shots from a firearm?

THE DEFENDANT: Yes.

THE COURT: A pistol, or what kind of a firearm?

THE DEFENDANT: Pistol.

THE COURT: And was this at or -- at the Courtside bar or in the parking lot of the Courtside bar?

THE DEFENDANT: Yes.

THE COURT: And that's located in Polk County, isn't it?

THE DEFENDANT: Yes.

THE COURT: Was this on May -- on or about May 6, 2011?

THE DEFENDANT: Yes.

THE COURT: And were there people nearby when you were firing these shots?

THE DEFENDANT: Yes, there were.

THE COURT: And do you agree with the allegation that by your engaging in this behavior those people that were nearby were put in reasonable apprehension of serious injury?

THE DEFENDANT: Yes.

THE COURT: Pardon me?

THE DEFENDANT: Yes.

THE COURT: And was your intent by doing this to injure or provoke fear or anger in other people?

THE DEFENDANT: Yes.

THE COURT: And how many shots -- well, each of Counts I, II, and III are based on an individual shot of the weapon. Did you shoot the weapon three times at least?

THE DEFENDANT: Yes.

The court dismissed two counts charging Gines with intimidation with a dangerous weapon with intent and did not apply the sentence enhancements. The district court sentenced Gines to ten years each for the three counts of intimidation with a dangerous weapon with intent, and five years for the felon in possession of a firearm count.[1] All the sentences ran consecutively.

Gines appealed, claiming his counsel was ineffective for allowing him to plead guilty to three counts of intimidation with a dangerous weapon with intent when there was no factual basis to support three separate and distinct acts. He further claims the district court erred in imposing consecutive sentences for the three counts of intimidation with a dangerous weapon with intent. We transferred the case to our court of

---

[1]The judge incorporated two unrelated cases into the judgment. This resulted in revocation of suspended sentences and concurrent sentencing with the thirty-five-year sentence relevant to this case.

appeals. It affirmed the district court judgment. Gines asked for further review, which we granted.

## II. Issues.

Although Gines raises two issues on appeal, the issue as to whether Gines's trial counsel was ineffective for allowing him to plead guilty to three counts of intimidation with a dangerous weapon with intent is dispositive of this appeal.

## III. Standard of Review.

Ineffective-assistance-of-counsel claims are grounded in the Sixth Amendment. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We review ineffective-assistance-of-counsel claims de novo. *Id.*

## IV. Gines's Ineffective-Assistance-of-Counsel Claim.

We analyze ineffective-assistance-of-counsel claims under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). *Clay*, 824 N.W.2d at 495. The first prong requires the defendant to show a deficiency in counsel's performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. The presumption under this prong is the attorney competently performed his duties. *Clay*, 824 N.W.2d at 495. The defendant must rebut the presumption by "showing a preponderance of the evidence demonstrates counsel failed to perform an essential duty." *Id.* When counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees, counsel breaches the essential duty. *Id.* "[W]e require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently." *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984).

The second prong requires the defendant show "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. The defendant must show counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. The defendant must prove by a reasonable probability the result of the proceeding would have differed but for counsel's errors. *Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

"The district court may not accept a guilty plea without first determining that the plea has a factual basis." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Id.* Prejudice is inherent in such a case. *Id.* The only inquiry is whether the record shows a factual basis for the guilty plea. *Id.* "[W]e consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.*

In *State v. Ross*, 845 N.W.2d 692 (Iowa 2014), we decided the issue as to when multiple shots constitute separate and distinct acts of intimidation with a dangerous weapon with intent or one continuous act of intimidation with a dangerous weapon with intent. There, we said the finder of fact must consider certain factors to determine if consecutive shots are separate and distinct acts or one continuous act. The factors we enumerated in *Ross* are:

> (1) the time interval occurring between the successive actions of the defendant, (2) the place of the actions, (3) the identity of the victims, (4) the existence of an intervening act,

(5) the similarity of defendant's actions, and (6) defendant's intent at the time of his actions.

*Ross*, 845 N.W.2d at 705.

There are no facts in the record to establish Gines committed three separate and distinct acts of intimidation with a dangerous weapon with intent. Although the defendant conceded he fired three shots in the presence of others, he did not concede each shot was a separate or distinct act. Additionally, when asked about his intent at the time, he stated that in making these *shots* he had the intent to injure or provoke fear or anger in other people. Consequently, this factual basis is insufficient to show the three shots fired constituted separate and distinct acts supporting three counts of intimidation with a dangerous weapon with intent. Therefore, counsel was ineffective for allowing Gines to plead guilty to three counts of intimidation with a dangerous weapon with intent when there was no factual basis for the three separate and distinct acts.

### V. Disposition.

Because it may be possible to establish a factual basis for three separate and distinct acts of intimidation with a dangerous weapon with intent, we vacate the convictions on the three counts of intimidation with a dangerous weapon with intent and remand the case to the district court to give the State the opportunity to establish a factual basis. *Schminkey*, 597 N.W.2d at 792. If the State can establish a factual basis for three separate and distinct charges of intimidation with a dangerous weapon with intent, the district court shall resentence Gines on all counts, including Gines's conviction for a felon in possession of a firearm count.

If the State cannot establish a factual basis for three separate and distinct charges of intimidation with a dangerous weapon with intent, the State did not get the benefit of its plea bargain in exchange for dismissing two counts of intimidation with a dangerous weapon with intent and not seeking the habitual-offender sentencing enhancement. Thus, if the State cannot establish the required factual basis for three separate and distinct charges of intimidation with a dangerous weapon with intent, we must put the State back in the position it was in before making the plea agreement. *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006). Therefore, if the State cannot establish the required factual basis for three separate and distinct charges of intimidation with a dangerous weapon with intent, the district court should vacate Gines's conviction for a felon in possession of a firearm count and return the State to the position it had before the plea agreement. Additionally if this occurs, the State may reinstate any charges or sentencing enhancements dismissed from the first amended information in contemplation of the plea agreement, file any additional charges supported by the available evidence, and proceed against Gines on all charges and sentencing enhancements contained in the first amended information and on any new charges it wishes to file. *See id.*

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED, SENTENCES VACATED, AND CASE REMANDED WITH DIRECTIONS.**