# IN THE COURT OF APPEALS OF IOWA

No. 13-1674
Filed August 27, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**STEVEN PAUL LINN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cherokee County, David A. Lester (plea) and Carl J. Petersen (sentencing), Judges.


A defendant appeals his sentence claiming his attorney provided ineffective assistance following his plea of guilty to drug-related offenses. **AFFIRMED.**


Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Ryan Kolpin, County Attorney, and Kristal Phillips, Assistant County Attorney, for appellee.


Considered by Potterfield, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MULLINS, J.**

Steven Linn entered an *Alford*[1] plea of guilty to two counts of using a person under the age of eighteen in the drug trade, in violation of Iowa Code section 124.406A (2011), class "C" felonies,[2] and he also filed a written guilty plea to gathering where controlled substances are used, in violation of Iowa Code section 124.407, a serious misdemeanor.[3] Linn was sentenced to two concurrent ten-year terms of incarceration on the felony convictions, and the court, in a separate order, imposed only the minimum fine and no jail time on the serious misdemeanor conviction. Linn claims his attorney was ineffective by failing to bring to the court's attention the misdemeanor plea at the sentencing hearing for the two felony counts. He claims if his attorney had done so, the court would have realized it could have sentenced him to jail time on the misdemeanor conviction and suspended the felony sentences. Because the court was not advised by his attorney to consider all the sentences together, Linn claims he was prejudiced.

**I. Background Facts and Proceedings.**

The written plea agreements entered in the felony cases state, "The parties stipulate and agree to Opening Sentencing by the Court." Linn agreed to pay all restitution, if any, and waived his right to file a motion in arrest of

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (providing a defendant may "consent to the imposition of a prison sentence even if he is unwilling or unable to admit to his participation in the acts constituting the crime").

[2] Linn was originally charged with class "B" felonies, but the State reduced the charge as a result of the plea agreement.

[3] The State also agreed to reduce the charge in this case from an aggravated misdemeanor to a serious misdemeanor as a result of the guilty plea.

judgment to challenge the plea. But the plea agreement stated Linn would be allowed to withdraw his guilty plea if the court rejected the terms of the plea agreement. One of the felony plea agreements stated that after the entry of the guilty pleas and the imposition of the sentence, the State would dismiss other pending criminal matters, including charges filed in seven other pending cases[4] with court costs and restitution assessed to Linn. During the plea colloquy, the court showed Linn the written plea agreements that had been delivered to the court and specifically asked Linn if he agreed to all the terms of the agreements. Linn replied, "Yes, your Honor." When asked if he wanted the court to explain anything more fully to him, he replied, "No, your Honor."

The misdemeanor case at issue in this appeal was not among the pending criminal matters the State agreed to dismiss. In fact, no mention of the misdemeanor case was made in either of the plea agreements filed in the felony cases. Nor did the plea agreements mention that the State had agreed to reduce the felony charges from class "B" offenses to the class "C" offenses to which Linn pled guilty. The State made a separate motion to amend the trial information in the two felony cases to reduce the charges to class "C" felonies on the same day the plea agreements were signed by all parties, and the court granted the request to amend the same day it accepted the *Alford* pleas from Linn.

At the sentencing hearing on the felony convictions, the court heard from several character references for Linn and heard the arguments of counsel. The State asked for Linn to be incarcerated for a term not to exceed ten years and

---

[4] It is not known on the present appeal record how many charges were contained within each of the seven case numbers the State agreed to dismiss.

the term not to be suspended. Defense counsel argued Linn should be given suspended sentences and placed on probation. The court recited on the record the items it would and would not consider in sentencing Linn after hearing from all the witnesses offered by the defense. It then stated,

> [F]or the benefit of everyone here, the Court doesn't have the benefit to say I'd like to sentence this guy to 60 days in jail. The only—The only option for the Court is either incarceration or suspended time meaning he would serve an indeterminate term with the penitentiary or a suspended time.

The court then imposed concurrent ten-year sentences on the felony convictions, finding among other things "the factors were [of] too substantial weight against giving you another opportunity as you've been given opportunities in the past."

The written plea of guilty to the misdemeanor charge, filed with the court the same day the felony plea agreements were filed, outlined the minimum and maximum sentence the could be imposed, waived all the applicable constitutional rights, and stated the State would recommend the following sentence:

> 1. A fine of $315.00 plus all statutory surcharges.
> 2. Incarceration for a period of zero (0) days, with credit for time previously served. After the Defendant serves zero (0) days, the remainder is suspended.
> 3. Payment of Court costs.
> 4. Payment of a $125.00 law enforcement initiative surcharge, if applicable.
> 5. Payment of all costs and fees incurred for legal assistance.
> 6. Victim restitution, if any.

The plea then stated, "The foregoing paragraph reflects the entire agreement between the State and this Defendant." No mention of the felony charges is made in the written guilty plea. The court handled the sentencing on this misdemeanor charge "on paper" after the sentencing hearing on the felony

charges and sentenced Linn in compliance with the State's recommendation outlined above.

The day after the sentencing, Linn's attorney filed a motion to reconsider the sentences imposed in the two felony cases and the misdemeanor case. Counsel asserted the sentencing court stated at the felony sentencing hearing that it only had two options available in pronouncing sentence—grant a suspended sentence and probation or impose a term of incarceration not to exceed ten years. Counsel stated the plea agreement reached with the county attorney encompassed Linn's guilty plea to both class "C" felonies and the serious misdemeanor. Counsel asserted he failed to correct the court that there was a third sentencing option available—grant a suspended sentence and place Linn on probation for the felony convictions but impose a jail term and a fine on the misdemeanor conviction. Counsel admitted to failing to bring this option to the court's attention or correct the court when it stated it only had two sentencing options available. Counsel asked the court to reconsider its judgment and sentence, and urged the court to go with the third option.

The State filed no reply to this motion, but the court entered an order two days after the motion was filed denying the motion to reconsider. The court stated:

> The Defendant asserts the Court did not consider all the sentencing options afforded it during the Sentencing Hearing on September 16, 2013. The Court disagrees. The Court was conducting a Sentencing Hearing in regards to two, Class C felony offenses. The Sentencing Hearing did not involve the aggravated misdemeanor offense in AGCR024305. Further, the Plea Agreement filed in the two, Class C felony offenses did not include the aggravated misdemeanor in AGCR024305. The guilty plea

filed by Defendant in AGCR024305 contemplated the State recommending no jail time with this offense. This matter was handled after the Sentencing Hearing on paper. The Defendant is correct that [neither] his attorney nor the Cherokee County Attorney addressed this misdemeanor case in Court. The Court correctly announced the two main options available to Court as to each felony offense before the Court. The Court applied the appropriate factors in determining that Defendant should be placed in the Custody of the Department of Corrections for a period not to exceed ten (10) years on each count. This sentence is consistent with the recommendation of the Iowa Department of Corrections. The sentences were ordered to run concurrently. Defendant's Motion has no merit.

Linn now appeals claiming his trial attorney was ineffective in not bringing the serious misdemeanor conviction to the court's attention at the sentencing hearing for the felonies so that the court would have been able to consider the "third option" of sentencing him to jail but suspending the felony sentences.

## II. Scope and Standard of Review.

We review an ineffective-assistance-of-counsel claim de novo as the claim implicates a defendant's Sixth Amendment right to counsel. *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014).

## III. Ineffective Assistance of Counsel.

Linn must prove counsel failed to perform an essential duty and that he suffered prejudice as a result. *See id.* at 440–41. While we have doubts about whether counsel did in fact breach an essential duty in this case, we choose not to decide whether counsel breached a duty.[5] We turn instead to the prejudice

---

[5] Counsel stated in the motion to reconsider that he "failed to correct the court" that a third sentencing option was available. We doubt whether such "third option" was available to the court as the sentencing hearing was only scheduled for the two felony cases. None of the plea agreements filed in this case mentioned there was a comprehensive plea agreement involving all three cases. Any discussion regarding a

prong of the analysis. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003) (stating an ineffective-assistance claims fails if a defendant fails to prove either prong).

The parties dispute what level of proof Linn must supply to show he has been prejudiced. The State claims Linn must show "the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). The State claims this means Linn must show that had the district court known about the misdemeanor offense at the time it imposed sentence on the felony convictions, it would have granted Linn a suspended sentence and probation on the class "C" felonies and imposed a jail term on the misdemeanor. Linn claims he does not have such a high burden on the prejudice prong to show a different sentence would have been imposed but simply needs to show the "sentencing process would have been different." In support of his assertion, Linn cites to cases that have found counsel ineffective for not objecting during sentencing when the State violates the terms or spirit of a plea agreement. *See State v. Bearse*, 748 N.W.2d 211, 217 (Iowa 2008) ("[W]e have rejected the standard that, 'but for his counsel's failure to object, he would have received a different sentence.' Instead, 'the defendant must simply show that the outcome of the [sentencing] proceeding would have been different.'" (citations omitted)).

---

"third option" likely involved only defense counsel and his client as a sort of defense sentencing strategy. To the extent this "third option" was a strategy counsel discussed with his client that counsel then failed to propose to the court when the court asked for counsel's sentencing recommendation, Linn could have remedied this error during his allocution.

In *Bearse*, the court concluded the defendant proved the prejudice prong when counsel failed to object to the State's violation of the plea agreement at sentencing because, if counsel had objected at the hearing, the district court would have allowed the defendant to withdraw his guilty plea or would have scheduled a new sentencing hearing where the State could have complied with the plea agreement. *Id.* at 218. Thus, the "outcome of that hearing" where counsel was found to have breached an essential duty would have been different. *See id.* The defendant would not have been sentenced based on the tainted recommendation, but he would have been given the option to withdraw the guilty plea or have a new sentencing hearing where the State would comply with the plea agreement terms. *Id.*

Linn does not claim the State violated the terms or spirit of the plea agreement or that counsel failed to object to such a violation during the hearing. He simply claims counsel failed to tell the court of an alternative sentencing option that involved sentencing all convictions together in a comprehensive package based on a defense sentencing strategy. Thus, the prejudice prong analysis in *Bearse* is inapplicable in this case. If counsel had alerted the court to this "third option" as Linn claims he should have, the court would not have been forced to allow Linn to withdraw his guilty plea nor would the court have been obligated to grant Linn a new sentencing hearing. If counsel had alerted the court to this third option, the result would have been the court considering the misdemeanor sentence during the sentencing hearing on the felonies rather than considering the felonies separate from the misdemeanor. Thus, we conclude

under the unique ineffective-assistance claim made in this appeal that the proper prejudice test to apply to this case is whether the outcome of the proceeding—the sentence—would have been different had counsel done what Linn contends he should have done.

In this case, counsel filed a motion to reconsider where he did in fact bring this "third option" to the court's attention. The motion asked the court to grant Linn suspended sentences on the felony convictions and sentence him "pursuant to the maximum and minimum guidelines" in the Iowa Code for the serious misdemeanor conviction. Despite having this new sentencing "option" to now consider, the court rejected the motion finding it had "no merit." By virtue of this motion, the court was given the "third option" Linn claims it should have had at the sentencing hearing, and the court rejected that option. We conclude Linn cannot prove he was prejudiced by counsel's failure to propose this "third option" at the felony sentencing hearing. Because he cannot prove prejudice, his ineffective-assistance claim fails, and we affirm his convictions and sentences.

**AFFIRMED.**