# IN THE COURT OF APPEALS OF IOWA

No. 13-2073
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYLER WARD SHIPLEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.

A defendant appeals his conviction and sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Jennifer Miller, County Attorney, and Paul Crawford, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Tyler Shipley engaged in a high-speed car chase with Marshalltown police officers and a Marshall County deputy sheriff. During the chase, Shipley swerved and attempted to strike three of the pursuing vehicles. He was eventually apprehended and charged with several crimes.

Shipley entered *Alford*[1] pleas to three counts of assault on a peace officer. Iowa Code §§ 708.1 and 708.3A(1), (2) (2013). He also pled guilty to eluding and operating a motor vehicle while intoxicated or drugged, third offense. Iowa Code §§ 321.279(3)(b), 321J.2. The district court sentenced him to indeterminate five-year prison terms on each of the assault counts, to run concurrently, and indeterminate five-year prison terms on the eluding and OWI counts, to run consecutively to the assault terms, for a total indeterminate sentence of fifteen years.

On appeal, Shipley contends his plea attorney was ineffective in allowing him to enter *Alford* pleas to three counts of assault on a peace officer because, in his view, "the counts arise from one continuous transaction and should therefore merge." To prevail, he must establish (1) the failure to perform an essential duty and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to address the issue on direct appeal. *See State v. Gines*, 844 N.W.2d 437, 440-42 (Iowa 2014) (deciding similar claim on direct appeal).

---

[1] See *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

The Iowa Supreme Court recently articulated certain factors for consideration in determining if a defendant's assaultive conduct is one continuous act or a series of separate and distinct acts:

(1) the time interval occurring between the successive actions of the defendant, (2) the place of the actions, (3) the identity of the victims, (4) the existence of an intervening act, (5) the similarity of defendant's actions, and (6) defendant's intent at the time of his actions.

*State v. Ross*, 845 N.W.2d 692, 705 (Iowa 2014); *see also Gines*, 844 N.W.2d at 441 (discussing whether factual basis for guilty plea existed for three counts of intimidation with a dangerous weapon where defendant fired a gun five times); *State v. Copenhaver*, 844 N.W.2d 442, 449-50 (Iowa 2014) (applying the *Ross* factors to find "two separate and distinct thefts"). The relevant factors support a finding of three separate assaults.

One assault count named Deputy John Hunter as the target. According to the minutes of testimony, Hunter tried to pass Shipley and box him in. As he did so, Shipley forced Hunter's vehicle out of the way by either accelerating or swerving. Hunter, in turn, accelerated to avoid being hit.

A second assault count named Officer Eric Siemens as the target. Siemens drove one of two police vehicles that pulled up on either side of Shipley's vehicle, again in an effort to box him in. Shipley swerved towards Siemens's vehicle, causing Siemens "to take to the shoulder and nearly enter a ditch." When Siemens rejoined the chase, Shipley again swerved towards Siemens's car.

The third assault count named Deputy Ben Veren as the target. He drove parallel to Siemens on the driver's side of Shipley's vehicle. After Shipley forced

Siemens's vehicle off the road, he swerved toward Veren's truck and struck the side of the truck.

Although all three acts occurred during a single car chase, each was directed at a different vehicle and different officer and each was a discrete act. We conclude Shipley's attorney did not breach an essential duty in failing to object to the entry of *Alford* pleas to three counts of assault.

Shipley also contends the district court abused its discretion in imposing consecutive sentences. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (setting forth standard of review). We discern no abuse.

According to the district court, the high-speed chase did not reflect "one bad day out of an otherwise exemplary life," but an overall attitude of flaunting our laws. In the court's view, Shipley's criminal history, including a "lifetime [of] OWI's," was emblematic of this attitude. Given his "repeat" convictions, and the danger operating while intoxicated posed to the public, the court stated, "I don't think it's helpful for your rehabilitation to just wave that off." The court similarly declined to "wave [] off" the eluding conviction, when Shipley "shouldn't have been driving at all." The court admonished Shipley, "I think that you really do need to recognize that these rules are there to protect the society as a whole and that you are subject to them and so I'm not willing to just suspend [the sentences] or run those concurrent with the other ones." These statements amply supported the court's decision to have the OWI and eluding convictions run consecutively to the assault convictions.

We affirm Shipley's judgment and sentences.

**AFFIRMED.**