# IN THE COURT OF APPEALS OF IOWA

No. 13-1587
Filed February 11, 2015

**JERRY WAYNE LOGGINS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pocahontas County, Gary L. McMinimee, Judge.


An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**


Neven J. Conrad of Baker, Johnsen, Sandblom & Lemmenes, Humboldt, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Ann E. Beneke, County Attorney, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Jerry Loggins appeals the district court's denial of his application for postconviction relief (PCR). Loggins asserts the district court improperly denied his claims of ineffective assistance of counsel. He alleges on appeal that his trial attorney was ineffective in a number of respects and that his attorney's failures prejudiced him. Because we agree with the district court that Loggins cannot prove he suffered prejudice as a result of counsel's alleged errors, we affirm the district court's dismissal of Loggins's PCR application.

**I. Background Facts and Proceedings.**

Loggins was convicted, after a jury trial, of possession of a precursor with the intent to manufacture a controlled substance and possession of methamphetamine, third offense. In his direct appeal, Loggins claimed only that his attorney was ineffective for allowing him to wear jail clothing during trial. *See State v. Loggins*, No. 10-1485, 2011 WL 2713825, at *1 (Iowa Ct. App. July 13, 2011). Our court determined we did not have an adequate record to decide the issue on direct appeal and preserved the claim for possible postconviction-relief proceedings. *Id.* Loggins subsequently filed a PCR application alleging counsel was ineffective in a number of ways. The PCR case proceeded to trial, and while the State conceded counsel did breach an essential duty on two of the grounds alleged, the district court rejected the application by ultimately deciding Loggins suffered no prejudice as a result of the alleged errors.

He now appeals claiming the district court was wrong in deciding he did not suffer prejudice.

**II. Scope and Standard of Review.**

We review Loggins's claims of ineffective assistance of counsel de novo as the claims implicate a defendant's Sixth Amendment right to counsel. *See State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014).

**III. Ineffective Assistance of Counsel.**

To prove a claim of ineffective assistance of counsel, Loggins must prove counsel failed to perform an essential duty and he suffered prejudice as a result. *See id.* at 440–41. We presume counsel was competent, and the defendant must rebut this presumption by a preponderance of the evidence. *Id.* at 440. To prove prejudice, "[t]he defendant must show counsel's errors were so serious as to deprive the defendant of a fair trial. The defendant must prove by a reasonable probability the result of the proceeding would have differed but for counsel's errors." *Id.* at 441. If Loggins fails to prove either prong of the ineffective-assistance test, his claim fails. *See State v. Williams*, 695 N.W.2d 23, 29 (Iowa 2005).

Loggins claims counsel was ineffective in (1) allowing him to wear jail clothing during the trial, (2) failing to object to inadmissible evidence,[1] (3) failing to prepare Loggins to testify, and (4) failing to seek to suppress evidence following his detention. In ruling on these claims, the district court concluded counsel did not breach an essential duty when counsel failed to seek to suppress

---

[1] Loggins complains counsel should have objected to various field tests done on the substances recovered from him and from his apartment, a field test done on his urine sample, testimony from an officer regarding the pseudoephedrine logs kept by the pharmacies, and hearsay testimony from the sheriff regarding what Loggins's wife said in her interview.

evidence discovered following Loggins's detention because the officers had probable cause to detain Loggins. The police had reviewed pharmacy logs showing Loggins and his wife purchased a large amount of pseudoephedrine from multiple pharmacies. Loggins's wife told the officers during an interview that she and Loggins cooked methamphetamine and both regularly used the drug. She also told the officers that Loggins slept with methamphetamine in his socks. In addition, law enforcement was aware of the relationship between Loggins and his wife and the criminal histories of both. Because the officers had probable cause to detain Loggins to ask him question regarding his possession and manufacture of methamphetamine, counsel had no duty to move to suppress this evidence. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

The court found no breach of a duty with respect to Loggins's claim that counsel did not adequately prepare him to testify. Because of Loggins's admissions to police and the evidence found on his person and in his home, the court found Loggins had little choice but to testify. The court concluded based on the limited options available to defend Loggins, it was reasonable for counsel to attempt to elicit sympathy by having Loggins testify about his addiction and learning disabilities and to try to characterize the conduct of law enforcement as unfair.

Finally, the district court concluded, and the State conceded, counsel breached an essential duty by permitting Loggins to wear jail clothing during trial

and by failing to object to some inadmissible evidence.[2]  Despite these failures, the court ultimately concluded that overwhelming evidence of Loggins's guilt and the cumulative nature of the inadmissible evidence prevented Loggins from being able to prove the result of the proceeding would have been different had counsel performed competently.  The court found:

> Regarding the possession of methamphetamine count, law enforcement officers took four baggies from Jerry on February 16, 2010, Jerry had initially reached for the baggies in response to Detective Koontz questions regarding possession of methamphetamine, Jerry gave a fourth baggie to the jailer before being admitted to the Pocahontas County Jail, Jerry never denied knowing he had the baggies or that they contained methamphetamine, and DCI Laboratory tests confirmed that those baggies contained methamphetamine.  Regarding the possession of pseudoephedrine with intent to manufacture, a coffee grinder and other drug paraphernalia was found in the Logginses' apartment, the DCI Laboratory confirmed that the coffee grinder contained pseudoephedrine, Deputy Nelson testified that a coffee grinder is normally used in the manufacture of methamphetamine by pseudoephedrine pills, and Detective Koontz testified to admissions by Jerry that he had purchased pseudoephedrine with intent to manufacture methamphetamine and had actually manufactured methamphetamine a couple of days prior to February 16, 2010.  In view of this overwhelming evidence of guilt and the largely cumulative nature of the jail uniform and objectionable evidence, there is no reasonable probability that the outcome of the criminal trial would have been different if Jerry had appeared in civilian clothes and all objectionable evidence had been excluded.

---

[2] While field tests are generally not admissible, official lab reports were admitted that confirmed the results of the field tests.  A field test of Loggins's urine was confirmed by Loggins's admissions to the police officers and his testimony at trial that he had ingested methamphetamine that day.  A review of the sheriff's testimony shows the sheriff did not convey an out-of-court statement at trial.  The court did find a breach of a duty with respect to counsel's failure to object to the testimony regarding the pseudoephedrine logs.  However, Loggins was not able to establish prejudice because of the overwhelming evidence against him.

After our de novo review of the record in this case, we agree with the district court and affirm its decision without further opinion pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**