# IN THE COURT OF APPEALS OF IOWA

No. 14-0228
Filed February 11, 2015

**JASON E. JOHNSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.


An applicant appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**


Hannah M. Vellinga of Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Patrick Jennings, County Attorney, and Amy Klocke, James Loomis, and Mark Campbell, Assistant County Attorneys, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Jason Johnson appeals the district court's dismissal of his application for postconviction relief (PCR), contending the district court incorrectly concluded Johnson's trial counsel was not ineffective for withdrawing his motion to suppress prior to his guilty plea. He also claims the district court should not have summarily dismissed his claim that his plea was not knowing and voluntary. Because we agree with the district court's decision on both counts, we affirm the court's dismissal of Johnson's PCR application.

**I. Background Facts and Proceedings.**

The police pulled over Johnson's vehicle on a report from a fellow law enforcement officer that Johnson's windshield was cracked impeding his vision. *See* Iowa Code § 321.438(1) (2007) ("A person shall not drive a motor vehicle equipped with a windshield, sidewings, or side or rear windows which do not permit clear vision."). Once Johnson stopped, he got out of the vehicle. The officer ordered Johnson to get back into the car, but instead Johnson took off running. The officer was able to catch Johnson and apprehend him. Methamphetamine was found on Johnson's person, and a scale was found in Johnson's car. Johnson was charged with possession of a controlled substance with the intent to deliver. *See id.* § 124.401(1)(c)(6).

Johnson's attorney initially filed a motion to suppress in the criminal case. However, the motion was withdrawn, and Johnson pled guilty. Johnson's appeal following his conviction was dismissed as frivolous, and he filed this postconviction-relief action alleging his attorney provided ineffective assistance

on a number of grounds. The district court summarily rejected a number of those grounds including the claim that Johnson's guilty plea was not knowing and voluntary. The court permitted the final claim—that counsel was ineffective in withdrawing the motion to suppress—to proceed to a PCR trial. After hearing from Johnson and the attorney that represented Johnson in the criminal case and taking judicial notice of the criminal file, the court rejected this final claim, finding counsel competently advised Johnson regarding the merits of the motion to suppress and likelihood that the court would not grant it. Johnson appeals.

## II. Scope and Standard of Review.

We review a claim of ineffective assistance of counsel de novo as the claims implicate a defendant's Sixth Amendment right to counsel. *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014).

## III. Ineffective Assistance of Counsel.

To prove a claim of ineffective assistance of counsel, Johnson must prove counsel failed to perform an essential duty and he suffered prejudice as a result. *See id.* at 440–41. We presume counsel was competent, and the defendant must rebut this presumption by a preponderance of the evidence. *Id.* at 440. To prove prejudice, Johnson "must establish that but for counsel's breach of duty, [he] would not have pled guilty and would have elected instead to stand trial." *State v. Utter*, 803 N.W.2d 647, 654 (Iowa 2011). If Johnson fails to prove either prong of the ineffective-assistance test, his claim fails. *See State v. Williams*, 695 N.W.2d 23, 29 (Iowa 2005).

**A.  Motion to Suppress.**  Johnson claims his trial attorney's advice regarding the merits of the motion to suppress was not reasonably competent. He claims there was a "legitimate question" regarding whether a traffic offense was committed since only one officer testified to the crack in the windshield.  He also claims counsel incorrectly informed him that even if the motion to suppress was successful, the only evidence that would be suppressed would be the scale found inside the vehicle.

The PCR court concluded Johnson's attorney correctly advised him that if the criminal trial court believed the testimony of the officers regarding the crack in the windshield, the stop would be constitutionally valid.  Johnson attended the depositions of the police officers involved and was aware of the claims the officers made.  Johnson was also aware that the criminal trial court would make the final factual determination.

Johnson fled the scene following the traffic stop, which arguably created reasonable suspicion to stop, or probable cause to arrest, Johnson.  Because of this independent basis to justify the search of Johnson, the PCR court concluded Johnson's attorney's advice—the criminal trial court would not likely grant the motion to suppress the baggies of methamphetamine found on Johnson's person and Johnson's admissions—was reasonably competent.  The PCR court concluded Johnson was made aware of the legal and factual issues presented in the motion to suppress and Johnson's attorney's assessment of the merits of the motion was reasonably competent.

After our de novo review, we agree. Considering the state of the law at the time the motion to suppress was filed,[1] counsel's advice, regarding the likelihood the court would find the stop valid based on the officer's testimony regarding the crack in the windshield and would find the search of Johnson's person valid based on Johnson's flight from the scene, was competent. Because the advice was competent, Johnson cannot prove counsel breached an essential duty.

**B. Knowing and Voluntary Guilty Plea.** Johnson also claims summary judgment was not proper on the issue of whether his plea was knowing and voluntary. Johnson does not indicate what information his attorney or the court failed to convey that made the guilty plea unknowing or involuntary. He simply claims "there were issues of material fact as to what Johnson was told prior to his guilty plea such that summary disposition of this issue was not appropriate."

The PCR court also noted the lack of specificity in Johnson's claim, stating Johnson "asserts no specific factual claims or support as to how his trial counsel was ineffective in allowing him to plead guilty." The court went on to address two "potential arguments"—that the guilty plea was not knowing and voluntary and the guilty plea was not supported by a factual basis. The PCR court rejected both of these potential claims. The PCR court found the guilty-plea court fully

---

[1] The United States Supreme Court had not yet issued its decision in *Arizona v. Gant*, 556 U.S. 332 (2009), when counsel filed the motion to suppress in this case. In *Gant*, the Supreme Court determined the search-incident-to-arrest exception to the warrant requirement could not be used to search a vehicle unless the person so arrested was unrestrained and within reaching distance of the passenger compartment at the time of the search. *See State v. Vance*, 790 N.W.2d 775, 788–89 (Iowa 2010) (explaining the *Gant* ruling).

complied with Iowa Rule of Criminal Procedure 2.8(2)(b) and a factual basis supported the guilty plea.

On appeal, besides the bare assertion that there were "issues of material fact" that precluded summary judgment, Johnson does not indicate how his plea was unknowing or involuntary or what material facts preclude summary judgment. We will not assume a partisan role and undertake a party's research and advocacy. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."). We therefore consider this issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) (noting that the failure to argue an issue or cite authority in support of it in the brief may be deemed a waiver of that issue).

The PCR court's rulings in this case are affirmed.

**AFFIRMED.**