# IN THE COURT OF APPEALS OF IOWA

No. 14-1352
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FREDERICK JOSEPH OLSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.


        A defendant appeals following his guilty plea to interference with official acts while displaying a dangerous weapon. **CONVICTION ON INTERFERENCE CHARGE VACATED, SENTENCES VACATED, AND CASE REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and R. Blake Norman, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Frederick Olson appeals following his guilty plea to burglary in the third degree and interference with official acts while displaying a dangerous weapon.[1] *See* Iowa Code §§ 713.6A, 719.1(1) (2011). He claims his attorney was ineffective in failing to object or file a motion in arrest of judgment because the record failed to provide a factual basis to support the guilty plea to the interference charge. Specifically, he claims there was no evidence he possessed a dangerous weapon during his interactions with the police officers.

Before accepting a guilty plea, the court must determine a factual basis supports the plea. *See* Iowa R. Crim. P. 2.8(2)(b) ("The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis."). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice is inherent in such a case." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014).

Here, the State concedes the record fails to provide a factual basis to support the guilty plea to the interference charge. The State requests we vacate

---

[1] Olson was originally charged in two separate trial informations with third-degree burglary as an habitual offender, possession of burglar tools, attempt to commit murder, and first-degree burglary. The parties entered into a plea agreement to resolve these two cases along with a third case. The agreement called for Olson to plead guilty to third-degree burglary as an habitual offender. The State would amend the attempted murder charge to interference with official acts while displaying a dangerous weapon as an habitual offender, and Olson would plead guilty to this amended charge. The other charges would be dismissed, and the State would recommend the fifteen-year sentences on both guilty pleas to run concurrently.

the conviction on that count and remand the case to the district court to permit the State an opportunity to supplement the record to establish a factual basis to support the plea. *See id.* 441-42 (noting that when it is possible that a factual basis for a plea could be established, the remedy is to vacate the conviction and remand the case to the district court to give the State an opportunity to establish a factual basis).

We conclude that the proper remedy in the case is to vacate Olson's conviction on the interference charge, vacate Olson's sentences on both charges, and remand the case to the district court to permit the State to supplement the record to provide a factual basis to support the plea. *See id.* If a factual basis is shown, Olson should be resentenced on all counts, including the burglary conviction. *See id.* If a factual basis is not shown, the district court should vacate the conviction on the burglary count and return the State to the position it had before the plea agreement. *See id.* at 442. If this occurs, the State may reinstate any charges or sentencing enhancements it dismissed in contemplation of the plea agreement, file any additional charges supported by the evidence, and proceed against Olson accordingly. *See id.*

**CONVICTION ON INTERFERENCE CHARGE VACATED, SENTENCES VACATED, AND CASE REMANDED WITH DIRECTIONS.**