# IN THE COURT OF APPEALS OF IOWA

No. 14-1884
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAKOTA LEE PROVIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


        A defendant appeals following his guilty plea, challenging the factual basis and whether the plea was voluntary and intelligent. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Shellie K. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, Thomas J. Ferguson, County Attorney, and Peter Blink, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Dakota Provin appeals his conviction for going armed with intent, a class "D" felony, in violation of Iowa Code section 708.8 (2013). Provin argues the district court did not define the term "dangerous weapon," and as a result, his plea did not contain a factual basis and was not made intelligently and voluntarily.

Provin engaged in a fight with his cousin. Witnesses observed Provin with a serrated folding saw and a utility pocketknife in his hand, threatening to stab his cousin. Police arrived and recovered the weapons from the scene. Provin admitted to bringing a knife to use in the fight and threatening to stab his cousin.

Provin pled guilty pursuant to a plea agreement. In the plea colloquy, he gave the court permission to rely on the minutes of testimony in establishing a factual basis. The court accepted the plea and sentenced him in accordance with the plea agreement. On appeal, Provin claims his counsel provided ineffective assistance and that he was prejudiced as a result.

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014). To prove ineffective assistance of counsel, Provin must show his counsel failed to perform an essential duty and he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998). Both prongs of this test must be satisfied; if we find one prong to be lacking, we need not decide the remaining element. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Ineffective-assistance-of-counsel claims are generally preserved for postconviction proceedings. *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1989). Where the record is clear and plausible strategy and tactical decisions do not explain counsel's actions, this court may resolve claims of ineffective assistance of counsel on direct appeal. *Id.*

Iowa Rule of Criminal Procedure 2.8(2)(b) requires that a court shall not accept a guilty plea "without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). Provin claims his guilty plea could not have been intelligently made because the court failed to "define the legal term 'dangerous weapon'" during the plea colloquy. In this case, the record is not adequate to address claims involving whether the plea was made intelligently and voluntarily, so we preserve that claim for possible postconviction-relief proceedings. However, we conclude the record is adequate to address the claim of whether there was a factual basis to support the guilty plea, and we address this issue here.

Provin contests whether there was an adequate factual basis to establish that either the saw and/or pocketknife he brought to the fight was a dangerous weapon. "[T]he entire record before the district court may be examined" to determine whether a plea contains a factual basis. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). If counsel permits a client to plead guilty to a crime for which there is no factual basis, prejudice is presumed. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Looking at the entire record, we have little difficulty in concluding there was an adequate factual basis to support the fact Provin's knife

and saw were dangerous weapons. Iowa Code section 702.7 outlines three definitions for a "dangerous weapon." Here, Provin's pocketknife and saw can be defined as a dangerous weapon by use; "any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon." *Id.* at 767. When asked by the court during the plea colloquy, Provin agreed when used in the manner in which he intended to use the knife and the saw, either item could have inflicted serious injury. Provin argues the record had to show he actually used the weapon(s) to support this definition. The supreme court in *Ortiz* determined the definitional requirement is satisfied when the defendant "objectively manifests . . . his or her intent to inflict serious harm upon the victim." *Id.* Actual use is not required. *See id.*

As to the factual-basis claim, Provin's trial counsel was not ineffective because the guilty plea had a factual basis to support the element that Provin was armed with a dangerous weapon. We preserve for possible postconviction-relief proceedings Provin's claim that his plea was not made intelligently or voluntarily.

**AFFIRMED.**