# IN THE COURT OF APPEALS OF IOWA

No. 17-1476
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYCE AUGUSTUS HAYNES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Mary Ann Brown,

Judge.


        Bryce Haynes appeals his conviction after pleading guilty to one count of

sexual exploitation of a minor. **CONVICTION AND SENTENCE VACATED AND**

**REMANDED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Bryce Haynes pled guilty to one count of sexual exploitation of a minor. On appeal, he challenges the existence of a factual basis to support his plea. Because Haynes did not attack his plea by motion in arrest of judgment, he raises his claim under an ineffective-assistance-of-counsel rubric. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011) (considering the defendant's challenge to the factual basis for his guilty plea as a claim of ineffective assistance of counsel even though the defendant failed to preserve error on the claim by filing a motion in arrest of judgment). Our review is therefore de novo. *See id.* ("We review claims of ineffective assistance of counsel de novo."). Haynes must prove by a preponderance of the evidence both that his counsel failed to perform an essential duty and prejudice resulted. *See id.* If counsel allowed him to plead guilty without a factual basis for his plea, we presume prejudice. *See id.* at 849. The question is whether the record shows a factual basis to support his plea. *See id.*

There is a sufficient factual basis to support a guilty plea if the record at the time of the guilty plea, as a whole, discloses facts to satisfy each element of the offense. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014); *State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010). The record does not need to support the defendant's guilt, but it needs to demonstrate facts that support the offense. *See Ortiz*, 789 N.W.2d at 768. In determining whether the record provides a sufficient factual basis to support the plea, we review the prosecutor's statements, the defendant's statements, the minutes of evidence, and "the presentence report, if available at the time of the plea." *Rhoades*, 848 N.W.2d at 29.

Haynes pled guilty to sexual exploitation of a minor under Iowa Code section 728.12(1) (2016). That section makes it unlawful to "employ, use, persuade, induce, entice, coerce, solicit, knowingly permit, or otherwise cause or attempt to cause a minor to engage in a prohibited sexual act or in the simulation of a prohibited sexual act." Iowa Code § 728.12(1). A prohibited sexual act occurs when there is sexual contact by any of the following:

1. Penetration of the penis into the vagina or anus.
2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
3. Contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152.
4. Ejaculation onto the person of another.
5. By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

*Id.* § 702.17; *see also id.* § 728.1(7)(a) (defining a prohibited sexual act as any sex act defined in section 702.17). A prohibited sexual act also means "[a]n act of beastiality involving a minor," "[f]ondling or touching the pubes or genitals of a minor," "[f]onding or touching the pubes or genitals of a person by a minor," "[s]adomasochistic abuse of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the abuse," and "[s]adomasochistic abuse of a person by a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the abuse." *Id.* § 728.17(7)(b)-(g). Haynes alleges the record is insufficient to show he attempted to cause the minor to engage in a prohibited sexual act.

The minutes of evidence accompanying the trial information allege that Haynes sent a Facebook message to a fourteen-year-old child, in which he stated

that he wanted to have sex with her and requested a picture or video of her performing a sexual act. At the plea hearing, Hayes admitted that in November 2016, he sent a Facebook message to a child he knew to be fourteen years old, that he asked her to engage in a sex act with him, that he was twenty-six-years old at the time, and that he knew it was against the law for him to have sex with someone of that age. Haynes also admitted that he asked her to have it recorded or videotaped, which he knew would preserve the act in a visual way. Haynes argues this record is insufficient to establish a factual basis for his plea because it does not establish that the act he asked the child to engage in was a prohibited sexual act under section 728.12. The State counters that "it is fair to infer that [Haynes] asked her to engage in a sex act that fell into the broad category of 'prohibited sex acts.'"

The message Haynes sent the child is not in the record. It contains no transcript of the message or any approximation thereof. Although the minutes allege that Haynes described the act in detail in his message, nothing in the record provides an account of those details beyond a "sex act." At the plea hearing, Haynes admitted he asked the child to engage in a sex act but provided no other description. In discussing the elements of the offense during the hearing, the court only makes reference to a "prohibited sex act" without defining any of the acts that are included in that definition.

Not all acts that one could describe as "sex acts" are "prohibited sexual acts" under section 728.12(1); only those acts specified in section 728.1(7) constitute "prohibited sexual acts." Because the record does not establish any details of the sex acts Haynes solicited, it is impossible to know whether he solicited a

"prohibited sexual act." There is in an insufficient factual basis for Haynes's guilty plea, and therefore, trial counsel was ineffective in allowing Haynes to plead guilty. We vacate Haynes's conviction and remand the case to the district court to allow the State the opportunity to establish a factual basis. *See State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). If the State establishes a factual basis for the offense of sexual exploitation of a minor, the district court shall resentence Haynes.[1]

**CONVICTION AND SENTENCE VACATED AND REMANDED.**

---

[1] Because we vacate Haynes's conviction, we need not consider his claim that the court abused its discretion in sentencing him to prison.