# IN THE COURT OF APPEALS OF IOWA

No. 18-1391
Filed April 3, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY DALE EDGREN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marion County, Terry R. Rickers, Judge.

The defendant claims trial counsel provided ineffective assistance by allowing him to enter an *Alford* plea to assault with intent to commit sexual abuse. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Larry Edgren entered an *Alford* plea to the charge of assault with intent to commit sexual abuse and was sentenced to a term of incarceration not to exceed two years, which the court suspended; placed on probation for two years; and ordered to register as a sex offender, pursuant to Iowa Code section 692A.103 (2018). On appeal, Edgren argues trial counsel provided ineffective assistance by allowing him to enter an *Alford* plea to the charge because doing so placed him "in a perpetual loop of impossibility—change your story or fail at probation and max out the probation and ensuing violations thereof." Additionally, in passing, Edgren claims (1) trial counsel failed to advise him of the consequences of pleading guilty—that he would have to register as a sex offender and would have to complete sex offender treatment, (2) there is not a factual basis to support his plea, and (3) counsel failed to prepare him to exercise his right of allocution.

When a defendant claims they received ineffective assistance, the defendant bears the burden to establish their claim. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To do so, Edgren must show both that counsel failed to perform an essential duty and that prejudice resulted. *See id.* "[T]he defendant claiming ineffective assistance of counsel with respect to a guilty plea must prove that, but for counsel's breach, there is a reasonable probability he or she would have insisted on going to trial."[1] *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

---

[1] We recognize this is not the standard we apply when the defendant claims trial counsel was ineffective for allowing the defendant to plead guilty to a charge for which there is

Here, Edgren does not assert he would have insisted on going to trial if he had been properly advised by counsel. But even if he made such an assertion, we would preserve his claims of ineffective assistance for possible postconviction-relief proceedings. As our supreme court recognized, "Under the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us." *State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008) (quoting *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006)). "[O]nly [in] rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing" because the record from the district court proceedings is generally "devoid of evidence indicating [the defendant] would not have pleaded guilty, but would have insisted on going to trial." *Id.*

Thus, we preserve Edgren's claims of ineffective assistance for postconviction-relief proceedings. *See id.*; *see also State v Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

**AFFIRMED.**

---

not a factual basis. *See State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (providing that when a defendant claims ineffective assistance based on lack of factual basis, "the only inquiry is whether the record shows a factual basis for the guilty plea" because "[p]rejudice is inherent" when "trial counsel allows the defendant to plead guilty" "[w]here a factual basis for a charge does not exist"). Still, we do not consider Edgren's claim on direct appeal, as his "random mention of [the] issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration." *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994).