# IN THE COURT OF APPEALS OF IOWA

No. 19-0454
Filed April 15, 2020

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**JACOB A. BOOTHBY,**
         Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor,

Judge.


        Jacob Boothby appeals his convictions of assault with a dangerous weapon

and third-degree criminal mischief. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and May, JJ. Tabor, J., takes

no part.

**MAY, Judge.**

Jacob Boothby appeals his convictions of assault with a dangerous weapon and third-degree criminal mischief. He contends his trial counsel was ineffective. We conclude the record is not sufficient for us to reach the merits of his claims.

On November 14, 2017, a couple was driving on a two-lane road in the early morning hours. An oncoming vehicle, described as a silver SUV, approached and passed them. But then it turned around and began to follow the couple closely. The couple slowed down to let the SUV pass. But, instead, the SUV slammed into the couple's vehicle. The SUV backed up and then slammed into the couple's vehicle again, even harder. After the second impact, the SUV drove away, and the couple called police.

Detective Jessup Schroeder was assigned to this case. He wrote and obtained a search warrant for Boothby's cellphone records. Based on the records, Schroeder determined Boothby was in the area when the SUV struck the couple's vehicle. A jury found Boothby guilty of assault with a dangerous weapon and third-degree criminal mischief. He appeals.

Boothby raises two ineffective-assistance-of-counsel claims.[1] "Ineffective-assistance-of-counsel claims are grounded in the Sixth Amendment." *State v.*

---

[1] We recognize Iowa Code section 814.7 (2019) was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

*Gines*, 844 N.W.2d 437, 440 (Iowa 2014). So our review is de novo. *Id.* "We can reach an ineffective-assistance-of-counsel claim on a direct appeal if the record is sufficient to reach it." *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). "If the record is insufficient to allow for a review on direct appeal, we do not reach the issue on direct appeal and allow the defendant to raise the claim in a separate postconviction-relief action." *Id.*

Boothby claims counsel was ineffective for failing to object to (1) Schroeder's testimony regarding the cellphone records because he was not qualified as an expert and (2) the admission of the records as hearsay with no applicable exception. "Until the record is developed as to trial counsel's state of mind, we cannot say whether trial counsel's failure to object implicated trial tactics or strategy." *State v. Clay*, 824 N.W.2d 488, 500–01 (Iowa 2012). We find the record insufficient to address either of Boothby's ineffective-assistance claims. So we preserve his claims. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[P]ostconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance.").

**AFFIRMED.**