# IN THE COURT OF APPEALS OF IOWA

No. 13-0517
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKY DESHAUN CRATTON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, District Associate Judge.


        A defendant appeals his driving-while-barred sentence claiming he received ineffective assistance of counsel.  **AFFIRMED.**


        William C. Glass, Keosauqua, for appellant.

        Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Jennifer Bailey, Assistant County Attorney, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

This appeal brings to mind the adage: "the truth hurts." When sentencing Ricky Cratton to prison for driving while barred, the district court noted his "glaring" criminal history—a list of convictions that "goes on and on and on." On appeal, Cratton complains his trial attorney did not challenge the accuracy of the history presented at sentencing. But Cratton does not allege any actual mistake in the recitation of his long record of convictions. Without an allegation of error, he is unable to show he received ineffective assistance of counsel. Accordingly, we affirm.

We review ineffective-assistance-of-counsel claims de novo. *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014). We often defer a decision on such claims until the record can be developed in postconviction proceedings. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). But we will address the merits when the record is sufficient on direct appeal, as in this case. *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015).

To prove ineffective assistance, Cratton must demonstrate by a preponderance of evidence that his attorney failed to perform an essential duty and prejudice resulted. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In our independent assessment, we find Cratton falls short on both prongs of the *Strickland* test.

At Cratton's sentencing hearing, the State recommended he receive a two-year prison term based on his criminal record. The State listed his three previous convictions for driving while barred—in 2004, 2008, and 2011. The

State also mentioned more than a dozen other convictions Cratton accumulated between 1991 and 2011.

When Cratton's attorney addressed the court, he stressed that his client was currently employed and supporting his family. Defense counsel asked that Cratton be allowed to serve any time "locally in the jail rather than in prison where he cannot work." Cratton then addressed the court himself, acknowledging he had "been in trouble a lot in the past" but asserting that recently he had been making efforts to support his family and move forward.

The district court then imposed a two-year prison term, explaining: "Sir, in considering the sentence, you can't overlook your record in looking at this . . . it's just glaring." Cratton responded: "I know that."

Yet on appeal, Cratton contends his counsel should not have allowed his criminal record to be recited without challenge, though he adds "[t]hat is not to argue that the record in this case was in fact in error, but is to argue that it is impossible to determine whether in fact it was."

We disagree that it was impossible to determine whether the State's recitation of Cratton's prior offenses was inaccurate. Cratton presumably had personal knowledge of his prior convictions. After the State discussed his extensive criminal record, Cratton had the chance to point out any error but did not do so. In assessing claims of ineffective assistance of counsel, we examine a defendant's own conduct, as well as that of his attorney. *State v. Rice*, 543 N.W.2d 884, 888-89 (Iowa 1996). On this record, we find no breach of duty by

counsel. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (declining to find counsel incompetent for failing to pursue a meritless issue).

Further, we find no prejudice. The district court may consider a defendant's criminal history in determining the appropriate sentence. *See State v. Formaro*, 638 N.W.2d 720, 724-25 (Iowa 2002). Cratton admitted his troubled past. The truth of his lengthy criminal history hurt his chances for a more lenient sentencing.

**AFFIRMED.**