# IN THE COURT OF APPEALS OF IOWA

No. 15-0753
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD JOSEPH MOTZ,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.


Chad Motz appeals from his conviction of domestic abuse assault with intent to cause serious injury, claiming ineffective assistance of counsel. **AFFIRMED.**


David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Chad Motz appeals from his conviction, based upon an *Alford* plea,[1] of domestic abuse assault with intent to cause serious injury, in violation of Iowa Code section 708.2A(2)(c) (2013), an aggravated misdemeanor. Motz contends his trial counsel was ineffective in allowing him to plead guilty without a factual basis to support the charge. He also suggests his plea was not knowingly and voluntarily entered because the trial court failed to ensure he was informed of and understood the nature of the charges he was facing.

"Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) (citation omitted). The record here is sufficient to reach Motz's claim challenging his counsel's performance. Our review is de novo. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). To succeed on an ineffective-assistance-of-counsel claim, Motz must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *State v. Finney*, 834 N.W.2d 46, 61-62 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). "This requirement exists even where the plea is an *Alford* plea." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "Where a factual basis for a

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). "Prejudice is inherent in such a case."[2] *Id.* Accordingly, with regard to this claim, our first and only inquiry is whether the record shows a factual basis for Motz's guilty plea to the charge of domestic abuse assault with intent to cause serious injury. *See id.*

In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report."[3] *Id.* "Absent a written plea of guilty describing all the matters set forth in the rule, noncompliance with oral requirements of the rule normally constitutes reversible error." *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). However, in cases concerning serious and aggravated misdemeanor charges, Iowa Rule of Criminal Procedure 2.8(2)(b) affords the plea-taking court

> discretion to waive an in-person colloquy with a defendant, with defendant's approval, so long as a written guilty plea adequately provides the court sufficient information from which the court can make a finding that the plea is voluntarily and intelligently tendered, and that the court finds there is a factual basis for the plea.

*See also State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014) (interpreting rule 2.8(2)(b) and *Meron*, 675 N.W.2d at 542). "Because no in-person colloquy is

---

[2] In other words, when trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty, and prejudice is presumed. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

[3] This assumes the presentence investigation report was available at the time of the guilty plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801 (Iowa 1990).

required in serious and aggravated misdemeanor cases, . . . the requirement that a defendant understand '[t]he nature of the charge to which the plea is offered' can be satisfied by a written guilty plea." *Sutton*, 853 N.W.2d at 294 (citation omitted).

Here, after a plea negotiations, Motz entered a written plea of guilty to the domestic-abuse-assault charge. The written plea set forth numerous statements that Motz placed his initials by, acknowledging that he could read, he received a copy of and read the trial Information, he discussed the trial information with his attorney, he fully understood the charge made against him, he "did an act, without justification, which was intended to be insulting or offensive or to result in bodily contact which was insulting or offensive to another with the apparent ability to execute the act," and the court could rely on the minutes of testimony as a further factual basis to support his plea.

The minutes of testimony provided that the responding officer would testify he spoke with Motz's wife, the victim, and she told him Motz "held her down with his left [arm] and strangled [her]" and "that [she] was injured when [Motz] assaulted her." The minutes further state the officer would testify to his observations of Motz's wife's injuries, specifically, that she "had several large black and purple marks on the left side of her neck and throat area and red swollen right cheek as well as other marks and bruises."

The same day he signed the written plea, Motz went before the court for a plea colloquy. Motz confirmed he was pleading guilty voluntarily and of his own free will. Concerning the crime at issue here, the court asked Motz if he assaulted his wife by placing his hands around her neck, and Motz told the court

he did not do anything and did not assault his wife. The following exchange occurred:

> THE COURT: [W]hy are you pleading guilty, then, sir?
>
> [MOTZ]: Because I want to get this done and over with so I can carry on with my life.
>
> THE COURT: Okay. [Motz's counsel], do you want me to accept this as an *Alford* plea?
>
> [MOTZ'S COUNSEL]: Yes, Your Honor.
>
> THE COURT: Mr. Motz, there is a possibility, then, we can accept your plea of guilty, if you are pleading guilty—sometimes when people can't admit to the act, they still enter a plea of guilty because they believe that the evidence that the State has, if it's presented to a judge or a jury, would be enough to have them convicted, and they want to take advantage of the plea agreement that has been offered.
>
> Is that your situation here?
>
> [MOTZ]: Yes.
>
> THE COURT: So, you believe that if this evidence was presented to a judge or a jury, you would be convicted of these offenses?
>
> [MOTZ]: Yes.
>
> THE COURT: All right. . . . [Motz's counsel], can the court rely upon the minutes of testimony as a factual basis?
>
> [MOTZ'S COUNSEL]: Yes, Your Honor. . . .
>
> THE COURT: And is that acceptable to the State as well . . . ?
>
> [THE STATE]: It is, Your Honor.
>
> And we would agree that the court can rely on the minutes of testimony as a factual basis for the [charge].
>
> . . . .
>
> THE COURT: Okay.
>
> Mr. Motz, to the charge of—
>
> And again, I understand that this is an *Alford* plea to . . . the charge of domestic abuse assault as an aggravated misdemeanor; assault with the intent to inflict serious injury upon another as an *Alford* plea, how do you plead, sir?
>
> [MOTZ]: Guilty.
>
> THE COURT: Sir, I will accept your pleas of guilty, and I find that you are doing this freely and voluntarily, that you fully understand the rights that you are giving up by entering these pleas, and that you fully understand the possible consequences of your pleas. I further find that there is a factual basis for the court to accept these pleas.

Looking at the entire record, we have little difficulty in concluding that Motz understood the nature of the domestic-abuse-assault charge and that there was an adequate factual basis to support Motz's *Alford* plea to that charge. Motz was specifically asked by the court if he strangled his wife. The court's question and Motz's subsequent denial evidence Motz understood the charges against him, in addition to the fact Motz acknowledged such on his written plea of guilty. The court then specifically asked Motz if he believed the State's evidence would be sufficient to convict him, and Motz answered, "Yes." The minutes clearly serve as a factual basis to support the charge, and Motz does not allege on appeal that he harbored any specific misunderstanding concerning his domestic-abuse charge. Nor does he advance any reason why we cannot rely on his signed and initialed plea and the court's order to find substantial compliance with rule 2.8(2)(b). The court's colloquy in this aggravated-misdemeanor case, along with Motz's written plea and the minutes of testimony, evidence Motz understood the nature of the charge and that there was a factual basis to support that charge. Consequently, Motz's trial counsel was not ineffective in allowing him to enter his *Alford* plea to aggravated misdemeanor domestic abuse assault. We therefore affirm Motz's conviction of domestic abuse assault with intent to cause serious injury.

**AFFIRMED.**