# IN THE COURT OF APPEALS OF IOWA

No. 15-1184
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON GERALD BILLINGS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Jason Billings appeals following his *Alford* plea to domestic abuse assault impeding breathing or circulation causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jason Billings appeals following his *Alford*[1] plea to domestic abuse assault impeding breathing or circulation causing bodily injury, with a habitual offender enhancement, in violation of Iowa Code sections 236.2(2), 708.2A(1), 708.2A(5), 902.8, and 902.9 (2015). He claims his attorney was ineffective in permitting him to plead guilty to the charges when there was not a factual basis to support the element that he caused a bodily injury.

"Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). The record here is sufficient to reach Billings's claim challenging his counsel's performance. Our review is de novo. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). To succeed on an ineffective-assistance-of-counsel claim, Billings must prove both that (1) his counsel failed to perform an essential duty and (2) he suffered prejudice as a result of his counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). "This requirement exists even where the plea is an *Alford* plea." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). "Prejudice is inherent in such a case."[2] *Id.* Accordingly, with regard to this claim, our first and only inquiry is whether the record shows a factual basis for Billings's *Alford* plea to the charge of domestic abuse assault impeding breathing or circulation causing bodily injury. *See id.* In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presence report."[3] *Schminkey*, 597 N.W.2d at 788.

Our de novo review of the record indicates that when Billings threw the victim against a wall and grabbed her by the throat, she could not breathe. The victim had red marks on both sides of her neck. Her lip was swollen and painful. This is sufficient to establish he caused a bodily injury. *See State v. Taylor*, 689 N.W.2d 116, 136 (Iowa 2004) (finding sufficient evidence of bodily injury when the victim suffered bruises, abrasions, cuts, and was stiff and sore); *State v. Canas*, 597 N.W.2d 488, 495 (Iowa 1999) (holding evidence that victim, who was struck in the chest with defendant's fist, had the wind knocked out of him and momentarily felt pain was sufficient proof of bodily injury notwithstanding that victim had no visible injuries and did not require medical treatment), *abrogated on other grounds by State v. Turner*, 630 N.W.2d 601, 606 n.2 (Iowa 2001).

---

[2] In other words, when trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty, and prejudice is presumed. *See State v. Rodriguez,* 804 N.W.2d 844, 849 (Iowa 2011).

[3] This assumes the presence investigation report was available at the time of the guilty plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 802 (Iowa 1990).

Because a factual basis supports his plea, Billings's attorney was not ineffective in allowing him to enter an *Alford* plea to the charge of domestic abuse assault impeding breathing or circulation causing bodily injury. We therefore affirm Billings's conviction and sentence pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**