# IN THE COURT OF APPEALS OF IOWA

No. 15-1302
Filed March 23, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANTHONY ALLEN COPLEY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

Anthony Copley appeals following his *Alford* plea to first-degree theft. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Anthony Copley appeals following his *Alford* plea[1] to first-degree theft, exercising control over stolen property, in violation of Iowa Code sections 714.1(4) and 714.2(1) (2013). After asking the court to find him guilty under the *Alford* decision, and after telling the court, "you do the crime, you do the time," Copley has had a change of heart. He now claims his attorney was ineffective in permitting him to plead guilty to the charge when there was not a factual basis to support the elements that he had knowledge the property was stolen and that the value of the property exceeded $10,000.

"Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). The record here is sufficient to reach Copley's claim challenging his counsel's performance. Our review is de novo. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). To succeed on an ineffective-assistance-of-counsel claim, Copley must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *See State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). "This requirement exists even where the plea is an *Alford* plea." *State*

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

*v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). "Prejudice is inherent in such a case."[2] *Id.* Accordingly, with regard to this claim, our first and only inquiry is whether the record shows a factual basis for Copley's *Alford* plea to the charge of first-degree theft. *See id.* In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report."[3] *Schminkey*, 597 N.W.2d at 788.

With regard to the theft alternatives available, the State informed the court at the plea hearing that it was relying on "the theory of possession, joint criminal conduct, or aid and abet rather than the actual theft and that the property possessed was in excess of $10,000." A person commits theft, under the possessing stolen goods alternative, when that person "[e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen." Iowa Code § 714.1(4). The theft of property in excess of $10,000 is first-degree theft. *Id.* § 714.2(1).

---

[2] In other words, when trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty and prejudice is presumed. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

[3] This assumes the presentence investigation report (PSI) was available at the time of the guilty plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 802 (Iowa 1990). No PSI was available here.

Here, we rely on the minutes of testimony to determine a factual basis exists. The court asked, "If a trial were held, do you believe it's likely the witnesses [listed in the minutes of testimony] would repeat the same information [contained in the minutes of testimony] in front of a jury?" and Copley responded, "Yes, sir, they would." The court then asked, "Do you believe it's likely that a jury would find you guilty after hearing them?" and Copley responded, "Absolutely, Your Honor." Our review of the record indicates that Copley, working with another individual over a period of months, sought buyers for and sold property stolen by the other individual. It can reasonably be inferred from the circumstances surrounding the fencing operation reflected in the record, as well as from several statements made by Copley, that Copley knew the property he was fencing was stolen. Furthermore, the record reflects the value of the stolen property was worth in excess of $10,000.

Because a factual basis supports his plea, Copley's attorney was not ineffective in allowing him to enter an *Alford* plea to the charge of first-degree theft. We therefore affirm Copley's conviction and sentence pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**