# IN THE COURT OF APPEALS OF IOWA

No. 16-0564
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LINDA MARIE LAU,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Buchanan County, Andrea J.

Dryer, Judge.

Linda Lau appeals following her *Alford* plea to third-degree theft.

**AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Linda Lau appeals following her *Alford* plea[1] to third-degree theft, an aggravated misdemeanor, in violation of Iowa Code section 714.2(3) (2015).[2] She argues her attorney was ineffective in permitting her to plead guilty to the charge when there was insufficient evidence in the minutes of evidence to establish a factual basis for the plea. Because the record establishes a sufficient factual basis for the plea, we affirm.

"Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) (citation omitted). The record here is sufficient to reach Lau's claim challenging her counsel's performance, and our review of her claim is de novo. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). To succeed on her claim, Lau must prove both that (1) her counsel failed to perform an essential duty, and (2) she suffered prejudice as a result of her counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *See State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). "This requirement exists even where the plea is an *Alford* plea." *State*

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] "A person commits theft when the person . . . [t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1(1). "[T]heft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft" is theft in the third degree. *Id.* § 714.2(3).

*v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty," and "[p]rejudice is inherent."[3] *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (citation omitted). Accordingly, with regard to this claim, our first and only inquiry is whether the record shows a factual basis for Lau's *Alford* plea to the charge of third-degree theft. *See id.* In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of [evidence], and the presentence report."[4] *Schminkey*, 597 N.W.2d at 788.

This case arises from a shoplifting incident. The following can be gleaned from the minutes of evidence: A store employee observed Lau picking up a $4.35 box of pain medication. Two months earlier, store employees caught Lau shoplifting from the store. The employee notified the cashier that Lau had picked up the box of medication. The box was not with the items Lau paid for when she checked out. The store's owner was informed of the situation. He went outside to confront Lau, but she did not stop. The owner followed Lau to her apartment. Lau put her groceries inside and came back out to talk to the owner. The owner wanted Lau to return to the store to view the store's surveillance video which showed Lau picking up the box of medication. Lau returned to the store and

---

[3] In other words, when trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty and prejudice is presumed. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

[4] A presentence investigation (PSI) report may be used to establish a factual basis only if the PSI report was available at the time of the guilty plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 802 (Iowa 1990). No PSI report was available here.

claimed she threw the box of medication "down by the potatoes." That area was searched, but no box of medication was found.

A sheriff's officer went to the store to investigate. He reported:

> I was asked to return a call to [the store owner in] reference [to] a shop lifter. When I got a hold of [the owner] he explained he had a female in his store that had picked up some medicine and when she got to the check-out she did not have it. He explained when [employees] told him about it she was walking down the sidewalk and [he] confronted her about it and asked her to come back to the store and she would not. [The owner] told me he did not know her name but knew where she lived.
>
> . . . I returned a phone call to [Lau] reporting she was being harassed by [the owner]. She went on to explain she had been in the store and he accused her of stealing stuff and then followed her all the way home. I explained to her it was not harassment when he was trying to get his property back that [she] took from him. While I was on the phone with her she told me she was on her way back to the store and she was going to talk to him. I explained I would be on the way over and would talk to both of them when I got there.
>
> When I arrived Lau was already gone and [the owner] told me he had spoken to her briefly when she came back and she told them she had thrown the medicine down by the potatoes. When they looked they did not find it and she began to argue with them and left the store. [The store owner] explained he had followed her all the way to her apartment . . . and she went inside and put everything down behind the corner and came back outside and was arguing with him. He asked her to come back to the store and review the camera and she would not.
>
> I reviewed the video which showed her picking up the medicine and then when she checked out she did not have it. I received a copy of her receipt of what she bought, a statement from everyone involved, and then left the store.
>
> I went down to Lau's apartment and could not get anyone to come to the door. After several minutes I phoned the number she had left for me and a male answered who identified himself as her friend . . . . He explained he had left the apartment and she was going to go somewhere also. He explained he did not live there and was going to his place. While I was on the phone with him I pounded on the door and could hear the dog barking in his phone and . . . began to explain he was there and he hung up on me. I called him back and told him I knew he was there and to have her come down. He hung up again and [in] a short time Lau came to the door and told me she did not hear me knocking. I asked her

about the item she had taken and she told me while she was upstairs she called her attorney and she told her not to say anything.

I took Lau to the alley where my car was and placed her in handcuffs and put her in the back of my car. I transported her to the jail and while we were in the intake area of the jail I read her [her rights,] and she indicated she understood and then told me her lawyer did not want her to say anything. I told her to indicate that on the sheet which she did and I turned her over to the jail. She asked me what she was being charged with and I told her fifth-degree theft and she told me she would probably just have to take the charge.

Lau later entered a written *Alford* guilty plea to the charge of third-degree theft. On appeal, Lau contends there were not sufficient facts to demonstrate that she had the intent to deprive the store of the box of pain medication.

A factual basis for a plea does not require sufficient evidence to convict; it only requires that the record "demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010). "In assessing the sufficiency of the evidence, we find circumstantial evidence equally as probative as direct." *State v. Vaughan*, 859 N.W.2d 492, 497 (Iowa 2015) (citation omitted). Here, Lau picked up the box of medication from the store's shelf. Lau said she threw the box "down by the potatoes." The area was searched a short time later, but nothing was found. Circumstantial evidence supports a conclusion Lau took the medication with the intent to deprive the store of it. Additionally, Lau's own written admission supports the intent element of the theft offense. In the written plea, Lau admits a jury could find that she "took possession or control of another

with the intent to deprive the other thereof."[5] "The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element." *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005).

Because the record establishes a factual basis for her plea, Lau's attorney was not ineffective in allowing her to enter an *Alford* plea to the charge of third-degree theft. We therefore affirm Lau's conviction.

**AFFIRMED.**

---

[5] Though her written admission omitted the words "of the property" in describing her crime, the remainder of the sentence provides context that those words were intended. *See* Iowa Code § 714.1(1) ("A person commits theft when the person . . . [t]akes possession or control *of the property* of another . . . with the intent to deprive the other thereof.") (emphasis added).