# IN THE COURT OF APPEALS OF IOWA

No. 17-1436
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SETH ANTHONY HANKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William A. Price, District

Associate Judge.

        The defendant claims trial counsel was ineffective for allowing him to plead

guilty to eluding without a factual basis and for failing to competently advocate for

him during sentencing.  **AFFIRMED IN PART, SENTENCE FOR ELUDING**

**VACATED, AND REMANDED WITH DIRECTIONS.**

        R. Ben Stone of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Seth Hankins appeals from his convictions and sentences for eluding, leaving the scene of an accident where a serious injury occurred, and third-degree fraudulent practice. Hankins maintains trial counsel provided ineffective assistance when he allowed Hankins to plead guilty to the crime of eluding without a factual basis to support the plea. He also maintains trial counsel acted ineffectively at sentencing by failing to competently advocate for him "after highly emotional victim impact statements."

**I. Background Facts and Proceedings.**

According to the minutes of evidence, on April 1, 2017, Hankins drove an automobile away from a marked police car at a high rate of speed after the police car turned on its lights and sirens. Hankins's vehicle eventually collided with two other vehicles, resulting in serious injuries to civilians in those vehicles. Hankins then fled on foot and was not immediately apprehended. A subsequent investigation into the identity of the driver uncovered Hankins's alleged perjury and fraud related to the sale of the car he had been driving.

Hankins was charged with serious injury by a vehicle, eluding, and leaving the scene of an accident where a serious injury occurred. In a separate trial information, Hankins was also charged with perjury; fraudulent practice in the second degree, a "D" felony; and fraudulent practice in the third degree, an aggravated misdemeanor.

Hankins entered written guilty pleas to eluding and leaving the scene of an accident where a serious injury occurred. He also entered a guilty plea to third-

degree fraudulent practice. Per an agreement, the State dismissed the remaining charges.

The court accepted each of Hankins's guilty pleas.

At the sentencing hearing, the court heard three victim-impact statements from women who were involved in the collision with Hankins's vehicle. The State recommended the court sentence Hankins to three two-year terms of incarceration and run the terms consecutive to each other.

The court sentenced Hankins to a term of incarceration of 365 days for eluding. Additionally, Hankins received a suspended two-year sentence for leaving the scene of an accident where a serious injury occurred and a suspended two-year sentence for fraudulent practice in the third degree. The two suspended sentences were ordered to run consecutively.

Hankins appeals.

## II. Discussion.

A defendant is not required to raise a claim of ineffective assistance on direct appeal. Iowa Code § 814.7(2) (2017); *see State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If a defendant chooses to raise the claim on direct appeal, "we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Straw*, 709 N.W.2d at 133. "We review ineffective-assistance-of-counsel claims de novo." *Id.*

To establish a claim of ineffective assistance, Hankins has the burden to demonstrate (1) his trial counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *Id.* Both must be proved by a preponderance of the evidence. *Id.*

**A. Factual Basis.**

Hankins maintains trial counsel provided ineffective assistance when he allowed Hankins to plead guilty to eluding without a factual basis to support the plea. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty."[1] *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (quoting *Schminkey*, 597 N.W.2d at 788). "Prejudice is inherent in such a case." *Id.* Thus, our only inquiry here is whether the record shows a factual basis for the guilty plea itself. *Id.* In determining whether a factual basis exists, "we consider the entire record before the district court at the [time the guilty plea was accepted], including any statements made by the defendant, facts related by the prosecutor, the minutes of [evidence], and the presentence report." *Schminkey*, 597 N.W.2d at 788.

As pertinent here, a person is guilty of eluding when:

The driver willfully fails to bring the motor vehicle to a stop or otherwise eludes . . . a marked official law enforcement vehicle that *is driven by a uniformed peace officer* after being give a visual and audible signal . . . and in doing so exceeds the speed limit by twenty-five miles per hour or more.

Iowa Code § 321.279(2) (emphasis added).

Hankins maintains nothing in the record supports the determination that the officer in the vehicle was wearing a uniform. We agree. In the minutes of evidence, the chasing trooper, Tyson Underwood, indicates that he pursued Hankins in his

---

[1] The State urges us to require Hankins to prove "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial" in order to establish prejudice. *Straw*, 709 N.W.2d at 138 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). But we are bound by our supreme court precedent, providing that "[p]rejudice . . . is inherent" when counsel allows a defendant to plead guilty where no factual basis exists. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"marked patrol car" while his lights and sirens were activated. Similarly, Hankins written statement on the petition to plead guilty states, "[I]n Polk County on March 31/April 1, 2017 I was driving a car, I was speeding and when the officer in a marked car turned on his lights, I sped away going faster than the posted speed limit by 25 mph." The record is silent regarding whether Trooper Underwood was wearing a uniform at the time. Thus, we conclude trial counsel provided ineffective assistance by allowing Hankins to plead guilty to the charge on this record. *See, e.g., State v. Schroeder*, No. 07-1991, 2008 WL 3916457, at *2 (Iowa Ct. App. Aug. 27, 2008) (vacating eluding charge and remanding for further proceedings).

"Where a guilty plea has no factual basis in the record" and "it is possible that a factual basis could be shown, it is . . . appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis." *Schminkey*, 597 N.W.2d at 792. However, if the State is unable to establish the factual basis for the eluding charge, the district court should vacate each of Hankins's three convictions and "return the State to the position it had before the plea agreement."[2] *Gines*. 844 N.W.2d at 442.

**B. Sentencing.**

Hankins maintains trial counsel provided ineffective assistance by "failing to competently advocate for [Hankins] after highly emotional victim impact

---

[2] If this occurs, the State may:
> reinstate any charges or sentencing enhancements dismissed from the [trial] information[s] in contemplation of the plea agreement, file any additional charges supported by the available evidence, and proceed against [Hankins] on all charges and sentencing enhancements contained in the [trial] informations and on any new charges it wishes to file.

*Gines*, 844 N.W.2d at 442.

statements made it obvious effective advocacy was necessary and essential." He also maintains counsel was ineffective for failing "to advise him to provide a forthright and sincere apology at the time of his personal allocution to the court."

Hankins concedes that the record on direct appeal is inadequate for us to assess this claim; he asks that we preserve it for determination in a postconviction-relief hearing.[3] Because Hankins has not asked us to resolve his claim on direct appeal and acknowledges further development of this issue is necessary, we preserve the claim. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also* Iowa Code § 814.7(1) (providing that a claim need not be raised on direct appeal in order to preserve it for postconviction-relief purposes).

**AFFIRMED IN PART, SENTENCE FOR ELUDING VACATED, AND REMANDED WITH DIRECTIONS.**

---

[3] The State agrees the record is not adequate for our review on direct appeal.